FILED IN CHAMBERS
U.S.D.C. Rome

JUL 18 2007

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| CORNELIUS MARTIN, II, | :: | CIVIL ACTION NO. |
| Inmate # BOP Reg. 14137-055, | :: | 1:07-CV-1243-RLV |
| Plaintiff, | :: | |
| | :: | |
| v. | :: | |
| | :: | |
| UNITED STATES OF AMERICA, | :: | FEDERAL TORT CLAIM |
| Defendant. | :: | 28 U.S.C. § 1346 |

## ORDER AND OPINION

Plaintiff, an inmate at the Federal Prison Camp in Atlanta, Georgia, has filed the instant *pro se* action pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b), §§ 2671-2680. [Doc. 1.] Plaintiff has been granted *in forma pauperis* status, and the matter is now before the Court for a 28 U.S.C. § 1915A screening.

### I. 28 U.S.C. § 1915A Frivolity Review

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint seeking redress from a governmental entity, or an officer or employee thereof, to determine whether the action (1) is frivolous, malicious, or fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief. A claim is frivolous when it "has little or no chance of success," i.e., when it appears "from the

AO 72A
(Rev.8/82)

face of the complaint that the factual allegations are clearly baseless or that the legal theories are indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, _ U.S. _, _, 127 S. Ct. 1955, 1964-65 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and complaint "must contain something more . . . than . . . statement of facts that merely creates a suspicion [of] a legally cognizable right of action"). See Oxford Asset Mgmt. v. Jaharis, 297 F.3d 1182, 1187-88 (11th Cir. 2002) (stating that "conclusory allegations, unwarranted deductions of facts[,] or legal conclusions masquerading as facts will not prevent dismissal").

The United States is the only permissible defendant in an FTCA action. See 28 U.S.C. § 2679(b)(1) (stating that the FTCA remedy against the United States "is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim"); United States v. Smith, 499 U.S. 160, 167 n.9 (1991). However, "[i]t is well settled that sovereign immunity bars suits against the United States except to the

extent that it consents to be sued." Means v. United States, 176 F.3d 1376, 1378 (11th Cir. 1999). The FTCA provides a "limited waiver" of this sovereign immunity, "making the United States liable for 'injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office [or] employment.'" JBP Acquisitions, L.P. v. United States ex rel. FDIC, 224 F.3d 1260, 1263 (11th Cir. 2000) (quoting 28 U.S.C. § 1346(b)(1), which also provides that liability attaches "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred").

A district court may not entertain an FTCA action "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing," although an agency's failure "to make final disposition of a claim within six months after it is filed shall . . . be deemed a final denial of the claim." 28 U.S.C. § 2675(a). The claim must be presented to the agency within two years of its date of accrual and to the district court within six months of the agency's mailing the notice of final denial of the claim. 28 U.S.C. § 2401(b).

3

## II. **Plaintiff's allegations**

Plaintiff filed a Claim for Damage, Injury, or Death with the Federal Bureau of Prisons (BOP) on October 25, 2006, which the BOP received on October 31, 2006. [Doc. 1 at 1-2; id., Ex. 1 at 1, 3.] Plaintiff claimed that the deprivation of "oxygen to sleep" during seven nights at the Detention Center Unit (DCU) in Atlanta "could have caused a coronary, vascular, or pulmonary event, taking my life. The long term consequences may never be known, however, I still am fearful of BOP deliberate indifference to my serious medical need." Plaintiff stated that he not only was "very uncomfortable" during that time, but he also was "subjected to enormous stress on [his] heart, lungs and brain." [Id., Ex. 1 at 3.] It appears that the BOP had not responded to his claim as of May 12, 2007, more than six months after he filed it. [Id., Ex. 1 at 2.]

Plaintiff sets forth the following allegations in his complaint. Plaintiff claims that he suffers from obstructive sleep apnea and has required the use of a Continuous Positive Airway Pressure (CPAP) machine during sleep "for life-support every night without exception since 1986." [Doc. 1 at 2.] On or about May 17, 2006, after a stay in the Special Housing Unit at the Federal Correctional Institution in Atlanta, Plaintiff was transferred to the DCU to await his return to the Federal Prison Camp. [Id. at 3.]

4

Plaintiff requested an extension cord to operate his CPAP machine, but the Officer in Charge, Mr. Hodges, denied the request. On May 18, 2006, during sick call, Plaintiff again requested an extension cord, but Officer Hodges advised the physician's assistant conducting the sick call that "he did not have extension cords." On May 23, 2006, Plaintiff once again attended sick call to request an extension cord, but Officer Hodges explained that there were no working cords available in the DCU. Plaintiff spent seven nights in the DCU without the use of his CPAP machine. On May 24, 2006, Plaintiff met with Counselor Fairley, who procured the repair of an extension cord for Plaintiff's CPAP machine that same day. [Id. at 3-4.] Plaintiff raises claims of negligence, breach of statutory duty, breach of contract, tortious termination of utility services, and strict liability. He alleges that he "has suffered physical injuries, pain and suffering, emotional distress, and decreased life-span," and he seeks damages to compensate him for these injuries. [Id. at 5-8.]

### III. Discussion

Plaintiff may not bring a federal tort claim "for mental or emotional injury suffered while in custody" – i.e., for "pain and suffering" or "emotional distress," as he alleges – "without a prior showing of physical injury." 28 U.S.C. § 1346(b)(2). Although Plaintiff alleges in his complaint that he has suffered physical injuries and

5

AO 72A
(Rev.8/82)

a decreased life-span, the only specifics he has provided are that he was "very uncomfortable" and experienced "enormous stress," which "could have caused" serious injury or death. [See Doc. 1, Ex. 1 at 3.] However, alleging discomfort does not constitute a showing of physical injury, nor does unsupported speculation about the possible long-term effects of stress or about the serious health consequences that *could have*, but did not, occur due to Plaintiff's inability to use his CPAP machine for seven nights. In short, Plaintiff's claims of mental suffering and emotional distress are barred as a matter of law, and he has not alleged facts sufficient to support a claim of physical injury. See Twombly, _ U.S. at _, 127 S. Ct. at 1965 (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level").

## IV. Conclusion

Accordingly, this Court finds that Plaintiff has failed to state a claim on which relief may be granted, and the instant complaint is hereby **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1).

**IT IS SO ORDERED** this  18th  day of  July , 2007.

_____
ROBERT L. VINING, JR.
UNITED STATES DISTRICT JUDGE

6